TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0196-KB

IN RE: BARRY NATHANIEL SULLIVAN

IN SUPREME COURT

## OPINION AND ORDER

On August 22, 2024, this Court issued an Opinion and Order suspending Barry Nathaniel Sullivan from the practice of law for 181 days, probated for 3 years, subject to conditions. *In re Sullivan*, 701 S.W.3d 123, 128-29 (Ky. 2024). After Sullivan failed to make required restitution payments—an explicit condition of his probated suspension—this Court entered an Order directing Sullivan to show cause, if any, why his probation should not be revoked. Sullivan did not respond. Therefore, we hereby impose the probated sanction.[1]

## BACKGROUND

The disciplinary sanction underlying this Opinion addressed Sullivan's ethical violations related to services provided to the Estate of Ruthan Fields, whose will was invalidated after her death due to signature issues. Ruthan died intestate, leaving her son, Christopher Fields, as her only heir at law. But

---

[1] We note preliminarily that Sullivan, KBA Member Number 91634, was admitted to the practice of law on July 30, 2006. His bar roster address is 1612 Reidinger Ridge, New Albany, Indiana 47150.

prior to her death, Ruthan transferred significant financial assets to Shayana, Christopher's only child. During his representation, Sullivan met with Christopher, Shayana, and Jonathan Davis, Ruthan's former financial advisor, who had been named administrator by Ruthan's invalidated will. Christopher and Shayana signed affidavits requesting that Davis be appointed administrator of the Estate and that the testamentary wishes Ruthan expressed prior to her death be carried out.

Sullivan lacked experience in handling estates and incorrectly inventoried assets that passed outside of the estate, which vastly increased the estate's value. Sullivan also miscalculated the percentage of the estate's value that could be paid to the representative and demanded a $32,000 retainer from Shayana to assist Davis in handling an estate with an approximate value of only $70,000. In addition, there was no written fee agreement documenting the basis for Sullivan's fees.

Sullivan paid Jonathan Davis over $12,000 in fees, with no basis or reason for the payments. As noted, the minimal value of the estate subject to administration would have entitled Davis to a nominal fee, absent court approval of extraordinary services. Ultimately, after the relationship between Christopher and Shayana deteriorated, the probate court replaced Davis and Sullivan with the Public Administrator.

After several unsuccessful attempts to contact Sullivan regarding whether she was entitled to a partial refund of the $32,000 retainer, Shayana hired an attorney. The Inquiry Commission issued a six-count Charge against

Sullivan for the violation of several professional rules. To resolve the disciplinary proceedings against him, Sullivan proposed a sanction to which the KBA did not object and which this Court ultimately deemed sufficient. In an August 22, 2024 Order, this Court subjected Sullivan to a 181-day suspension, probated for 3 years, with conditions. In accordance with the disciplinary order, Sullivan paid the costs of the disciplinary action, and completed the Commonwealth's Ethics and Professional Enhancement Program and the Trust Account Management Program. Pertinent to the matter before us, this Court also required Sullivan to comply with the following condition:

> **Sullivan shall pay restitution in the amount of $31,500.00 to Shayana Fields.** He is directed to pay a minimum of $1,000.00 towards this sum every ninety days beginning ninety days from the entry of this Order. Sullivan shall provide contemporaneous proof, in the form of copies of the payment instrument, to the Office of Bar Counsel. The restitution sum must be paid in full **within one year of the date of entry of this Opinion and Order.**

*Sullivan,* 701 S.W.3d at 129 (emphasis added). As of July 17, 2025, when the KBA filed the motion to show cause, Sullivan had only paid Shayana $250 in restitution.

Sullivan was ordered to pay a minimum of $1,000 every ninety days beginning ninety days from the entry of the Order. Further, Sullivan was directed to pay the full restitution amount within one year of entry of the Order. Sullivan mailed his first restitution payment of $1,000 on November 19, 2024, though Shayana misplaced the check and it was thus never cashed. On March 14, 2025, attorney Nathan Billings contacted Deputy Bar Counsel on behalf of Shayana because Billings contacted Sullivan in December 2024 to

3

inquire about the November restitution payment on Shayana's behalf. According to Billings, Shayana agreed to assign some of the restitution payments to Billings to pay legal fees she owed him. Billings contacted Sullivan multiple times in December 2024 and January 2025 to resolve the matter.

On March 28, 2025, Sullivan emailed the Office of Bar Counsel to inform them that he was terminated from his employment and therefore unable to make a full restitution payment on time. He mailed Billings a $250 check toward the restitution owed to Shayana and planned to make bi-weekly payments. As of July 17, 2025, when the KBA filed its motion to show cause, Shayana had only received $250 of the $31,500 required to be paid by Sullivan. On August 18, 2025, this Court entered an order directing Sullivan to show cause, if any, why the suspension should not be imposed. Sullivan has not responded.

When Sullivan filed his motion for negotiated sanction to resolve the pending disciplinary matters, he proposed paying $16,359.47 in restitution to Shayana. His proposal required payment of a minimum of $1,000 every ninety days, with the full balance to be paid by the expiration of the three-year probationary period. Instead, this Court required $31,500 be paid in restitution upon reasoning that, while Sullivan performed some work in the estate matter, his time was not appropriately spent and the services performed did not function for the benefit of his client. Therefore, Sullivan was only entitled to retain $500 of the $32,000 retainer.

4

Sullivan proposed and agreed to make a minimum payment of $1,000 to Shayana every ninety days—a condition he failed to satisfy—thereby expressly violating this Court's August 2024 Order. As such, we hereby impose the 181-day suspension.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Barry Nathaniel Sullivan, KBA Member Number 91634, is hereby suspended from the practice of law for 181 days upon entry of this Order.

2. Sullivan shall receive no new disciplinary charges issued by the Inquiry Commission.

3. Sullivan shall pay restitution in the amount of $31,250 to Shayana Fields. He is directed to pay a minimum of $1,000 towards this sum every ninety days, beginning ninety days from the entry of this Order. Sullivan shall provide contemporaneous proof, in the form of copies of the payment instruments, to the Office of Bar Counsel. The restitution sum must be paid in full within one year of the date of entry of this Opinion and Order.

4. Sullivan shall pay the costs associated with proceeding in the amount of $180.56.

5. Pursuant to SCR 3.390, Sullivan:

    a. Shall notify all clients in writing of his inability to continue to represent them and shall furnish copies of all such letters to the Director of the Kentucky Bar Association. These

5

notices shall be mailed or emailed to the respective clients within ten (10) days of the entry of this Order, if not already mailed. Sullivan shall make arrangements to return all active files to the client or new counsel, and shall return all unearned attorney fees and client property to the client and shall advise the Director of such arrangements within the ten (10) day period;

b. Shall not, during the term of suspension and until reinstatement, accept new clients or collect unearned fees;

c. Shall immediately cancel any pending advertisements; must terminate any advertising activity for the duration of the term of suspension; and must not allow his name to be used by a law firm in any manner until he is reinstated.

All sitting. All concur.

ENTERED: April 23, 2026

_____
CHIEF JUSTICE

6